**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1036**

———————

ALEXEI IVANOVICH PRINOS; KRISTINA MOVSISYAN,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  July 28, 2023                          Decided:  September 6, 2023

———————

Before HARRIS and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:**  Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioners.  Brian Boynton, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Mona Maria Yousif, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexei Ivanovich Prinos, a native and citizen of Moldova, is removable for having overstayed his visa. Prinos applied for asylum, withholding of removal, and protections under the Conventions Against Torture ("CAT"). Kristina Movsisyan, a native of Armenia and a Russian citizen, is also removable. Movsisyan is Prinos' spouse and a derivative asylum applicant. They petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") decision denying Prinos' applications for relief from removal. We deny the petition for review.

The Board affirmed the IJ's finding that Prinos was not credible and his independent corroborative evidence did not support his claim. The IJ, after "[c]onsidering the totality of the circumstances, and all relevant factors," may make an adverse credibility determination. *Hui Pan v. Holder*, 737 F.3d 921, 928 (4th Cir. 2013). In evaluating the applicant's credibility, the IJ may consider:

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Herrera-Alcala v. Garland*, 39 F.4th 233, 245 n.10 (4th Cir. 2022) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). A credibility determination may rest on any relevant factor, even if such factor does not "go to the heart of the applicant's claim." *Hui Pan*, 737 F.3d at 928.

2

A trier of fact who rejects an applicant's testimony on credibility grounds "must provide specific, cogent reasons" for doing so. *Djadjou v. Holder*, 662 F.3d 265, 273 (4th Cir. 2011). The IJ "may not rely on speculation, conjecture, or an otherwise unsupported personal opinion to discredit an applicant's testimony or [his] corroborating evidence," *Marynenka v. Holder*, 592 F.3d 594, 600 (4th Cir. 2010) (internal quotation marks omitted), or "cherry pick facts or inconsistencies to support an adverse credibility finding that is unsupported by the record as a whole," *Ilunga v. Holder*, 777 F.3d 199, 207 (4th Cir. 2015). But "[a] single testimonial discrepancy, particularly when supported by other facts in the record, may be sufficient to find an applicant incredible in some circumstances." *Id.*

We review adverse credibility findings for substantial evidence, a "narrow and deferential review." *Munyakazi v. Lynch*, 829 F.3d 291, 298 (4th Cir. 2016) (internal quotation marks omitted). "An adverse credibility finding is generally fatal to an asylum claim unless the alien proves his refugee status through evidence independent of his own testimony." *Hui Pan*, 737 F.3d at 930. We have reviewed the record and the Petitioners' arguments and conclude that the adverse credibility finding is supported by substantial evidence.

"An adverse credibility determination supported by substantial evidence generally dooms an asylum claim unless the application can prove actual past prosecution through independent objective evidence." *Herrera-Alcala*, 39 F.4th at 245. We have reviewed Prinos' independent corroborating evidence and conclude that there is no evidence that

3

Prinos was persecuted because he was Roma. Accordingly, we deny the petition for review as to the denial of asylum and withholding of removal.

Unlike asylum, an adverse credibility finding is relevant to the CAT determination, but not determinative. *Ibarra Chevez v. Garland*, 31 F.4th 279, 288 (4th Cir. 2022); *see also Camara v. Ashcroft*, 378 F.3d 361, 371 (4th Cir. 2004) ("Because there is no subjective component for granting relief under the CAT, the adverse credibility determination on which the IJ relied to deny [the petitioner's] asylum claim would not necessarily defeat" the CAT claim). Prinos asserts that he established that he was tortured in Moldovia, supporting the finding that he will likely be tortured when if he returns. Evidence of past torture is relevant to a CAT claim, but it does not create a presumption of future torture. Factors to consider are: (1) whether the applicant could safely relocate to another part of the country; (2) evidence of gross, flagrant, or mass violations of human rights within the country of removal; and (3) other relevant information of country conditions. *Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019). "When an applicant claims a fear of torture from multiple entities, the agency must assess the likelihood of torture by aggregating the risk from all sources." *Ibarra Chevez*, 31 F.4th at 288 (internal quotation marks omitted). This Court reviews the denial of protection under the CAT for substantial evidence and legal determinations de novo. *Id*. at 288-89.

Because Prinos' testimony was not credible, Prinos must support his application for CAT protection with independent corroborating evidence. But he failed to do so. There is no independent evidence showing that Prinos faces a particularized risk of torture if he

4

returns to Moldova.  Accordingly, we deny the petition for review as to the denial of CAT protection.

We deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*